UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SAJ DISTRIBUTORS, INC., et al., | : | Civil Action No. 08-1866(JAP) |
| Plaintiffs, | : | |
| v. | : | |
| | : | M E M O R A N D U M |
| SANDOZ, INC., et al., | : | O P I N I O N |
| Defendants. | : | |

**HUGHES, U.S.M.J.**

**I.      INTRODUCTION**

This matter comes before the Court on Motion by Plaintiff SAJ Distributors, Inc. ("Plaintiff") to Compel the production of documents, and to compel deposition of a representative of Defendant Sandoz, Inc. ("Defendant") [dkt. entry no. 1], returnable June 24, 2008.  Defendant Sandoz, Inc. filed opposition to Plaintiff's motion on May 5, 2008 and a cross-motion to quash Plaintiff's subpoenas and for sanctions in the form of attorney fees pursuant to Federal Rule of Civil Procedure 45(c)(1).  The Court heard oral argument on June 24, 2008.

For the reasons stated herein, (1) Plaintiff's motion to compel is denied in its entirety; (2) Plaintiff's motion to compel a deposition was withdrawn; (3) Defendant's cross-motion to quash the subpoena is granted; and (4) Defendant's cross-motion for sanctions is denied.

**II.     BACKGROUND AND PROCEDURAL HISTORY**

In order to facilitate the calculation of damages in a patent litigation case, Plaintiff seeks to compel Defendant, a non-party in the underlying case, to search for and produce additional documents related to the ability to come to market pursuant to subpoenas served in August of 2006.  (Pl.'s Reply Br. at 3.)  Plaintiff also seeks updated sales data of generic Wellbutrin SR,

1

pursuant to subpoenas served in August of 2006. (Pl.'s Br. at 4, 8-10.) Plaintiff further seeks to compel Defendant's deposition with regards to the admissibility of documents produced, pursuant to subpoenas initially served in or around August 2006 and re-served in May 2008. *Id*. at 10-11.

Defendant opposed Plaintiff's motion, stating that it has already produced the data originally requested in the subpoenas as stipulated in an agreement with Plaintiff; that Plaintiff has violated the agreement; that the sales data updated through 2007 is highly sensitive, proprietary business information; and that the documents related to the ability to come to market do not exist. (Def.'s Br. at 8-10.) Defendant also filed a cross-motion to quash Plaintiff's subpoenas, arguing that Plaintiff's request for a deposition is not ripe and that Plaintiff failed to pursue the deposition subpoenas within a reasonable amount of time. *Id*. at 14-15. Defendant also cross-moved for sanctions pursuant to Rule 45(c)(1), alleging that Plaintiff has not met its affirmative duty to take "reasonable steps to avoid imposing undue burden or expense" when seeking discovery from a non-party. *Id*. at 15.

Plaintiff opposed Defendant's cross-motions, arguing that it did not breach the discovery agreement with Defendant since the agreement was premised on the production of all documents, which Defendant has not provided. (*See* Pl.'s Reply Br. at 3.) Plaintiff additionally states that it did not abandon the subpoenas, but instead was precluded from pursuing them during a stay in discovery in the underlying patent litigation. *Id*. at 4-5. Plaintiff also claims that it attempted to minimize Defendant's production burden; therefore, sanctions are inappropriate. *Id*. at 7-9. Furthermore, Plaintiff claims that Defendant never searched for additional documents which may be covered by the subpoena. *Id*. at 11. Finally, Plaintiff reiterates its need for discovery, and requests that Defendant be required to produce documents related to ability to enter the market as

well as sales data through 2007. *Id*. at 10-12. At oral argument, Plaintiff withdrew its request that Defendants be ordered to appear at a deposition.

### III.   DISCUSSION

For the reasons stated herein, Plaintiff's motion to compel discovery is denied; Defendant's cross-motion to quash the subpoenas is granted; and Defendant's cross-motion for sanctions is denied.

    A.    <u>Federal Rules of Civil Procedure 37(a)(1) and 45(c)(3)</u>

Federal Rule of Civil Procedure 37(a)(1) allows a party to compel discovery, provided that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Rule 45(c)(3) allows the quashing of a subpoena if the information requested "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii)(iv).

    B.    <u>Defendant's Ability to Come to Market</u>

Plaintiff's motion to compel the discovery of documents related to Sandoz, Inc.'s ability to bring a generic version of Wellbutrin SR to market is denied.

Pursuant to Federal Rule of Civil Procedure 45(c)(1), a subpoena must not present an undue burden on the party subject to it, and "[t]he issuing court must enforce this duty . . . ." Furthermore, Federal Rule of Civil Procedure 1 states that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

Defendant certifies that to the extent such documents exist, they have been produced in

3

the underlying patent litigation. (*See* Def.'s Br. at 11.)  Both parties concede that Plaintiff has produced documents upon receipt of the initial subpoena.  *See id.*; Pl.'s Br. at 7-8.  To require a non-party to search for additional documents that it has certified do not exist is an undue burden that would result in the waste of counsels' resources, and, more importantly, a waste of the client's funds.  *Id*. at 11.  As such, Plaintiff's motion to compel the discovery of documents related to Defendant's ability to come to market is denied, and Defendant's motion to quash the subpoena is granted.

### C. Defendant's Sales Data of Generic Wellbutrin SR Through 2007

Plaintiff's motion to compel the discovery of Defendant's sales data of generic Wellbutrin SR updated through 2007 is denied.

Pursuant to Rule 26(b)(1), the scope of discovery is broad, with parties allowed to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  FED. R. CIV. P. 26(b)(1).  However, as noted above, a court may limit this scope pursuant to Rule 45(c)(3), if a request "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to *undue burden*."  FED. R. CIV. P. 45(c)(3)(A)(iii)(iv) (emphasis added).

Defendant argues that the data should be privileged, as it is sensitive, and the disclosure of it would risk significant competitive harm.  (Def.'s Br. at 8-10.)  Defendant further certifies that it has already provided Plaintiff with eighteen (18) months of sales data upon initial service of the subpoena.  *See id.* at 10.  Plaintiff now seeks updated data through 2007 at the end of discovery.  (Pl.'s Br. at 9.)  The Court notes that Plaintiff has not submitted any certification of need for the additional sales data, that the data it has already obtained is insufficient, or that the

4

updated sales data is required by its experts in order to calculate damages.  The Court further notes that Plaintiff has not submitted any written requests to extend the time frame of the data covered by the subpoena.  "To everything there is a season," and the Court finds that at this time, Plaintiff's season for discovery of Defendant's sales data has passed.  *Ecclesiastes* 3:1.

In order to prevent a non-party Defendant from the undue burden imposed by having to disclose highly sensitive sales information, and from having to produce additional data beyond the scope of the original subpoena, Plaintiff's motion to compel updated sales data through 2007 is denied.  Defendant, a non-party in the underlying litigation, has fully complied with Plaintiff's subpoena.  Now, Plaintiff, without issuing another subpoena or any letter, seeks even more discovery.  The Court notes that while the discovery rules are liberal in nature and parties are entitled to broad discovery, discovery is not a never-ending proposition.  Plaintiff's counsel predicted at oral argument that the underlying case may not be tried until 2009 or later.  Will we be "updating" sales data until then?

D. <u>Sanctions</u>

Defendant's cross-motion for sanctions in the form of attorney fees pursuant to Rule 45(c)(1) is denied.

Rule 45(c)(1) places an affirmative duty on the party seeking discovery from a non-party to take "reasonable steps to avoid imposing undue burden or expense."  Furthermore, the Rules "afford non-parties special protection against the time and expense of complying with subpoenas."  *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).  The Court notes that attorney fees are generally awarded only in the most egregious of circumstances, such as when a party has clearly breached Rule 45.  *See, e.g., Anderson v. Government of Virgin*

*Islands*, 180 F.R.D. 284, 291-292 (D.V.I. 1998) (granting attorney fees for repeat violations of Rule 45).  Here, although Defendant may have been inconvenienced by Plaintiff's request, that alone is not enough to meet the undue burden standard pursuant to Rule 45, particularly given the outcome, where Defendant has not even been required to produce any documents that are the subject here.  Therefore, Defendant's motion for attorney fees is denied.

## IV.  CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel production of documents is denied; Defendant's cross-motion to quash Plaintiff's subpoenas is granted; and Defendant's cross-motion for sanctions is denied.  As the Court has fully adjudicated the matters raised by the Complaint, the case is now closed.  An appropriate Order accompanies this Memorandum Opinion.


**DATED:** June 26, 2008